**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
Joseph A. Schenk (State Bar No. 009260)
2390 East Camelback Road, Suite 400
Phoenix, Arizona 85016
Telephone:  (602) 248-8203
Facsimile:  (602) 248-8840
E-Mail:  jas@ashrlaw.com

**ATTORNEYS FOR PLAINTIFF
CONTINENTAL CIRCUITS, LLC**

**PERKINS COIE LLP**
Chad S. Campbell (State Bar No. 012080)
2901 N. Central Avenue Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
E-mail: CSCampbell@perkinscoie.com

**ATTORNEYS FOR DEFENDANT
INTEL CORPORATION**

**GALLAGHER & KENNEDY, P.A.**
Kenneth M. Motolenich-Salas (Bar No. 027499)
2575 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
E-mail: ken.motolenich@gknet.com

**ATTORNEYS FOR DEFENDANTS
IBIDEN U.S.A CORP. AND IBIDEN CO., LTD.**

*Additional counsel identified below*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CONTINENTAL CIRCUITS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL Corporation.; IBIDEN U.S.A. Corporation.; IBIDEN Co., LTD.<br><br>Defendants. | CASE NO. 2:16-cv-02026-DGC<br><br>**JOINT CASE MANAGEMENT REPORT** |

632573.1

Pursuant to the Order issued by this Court on October 4, 2016 in this patent infringement action under 35 U.S.C. § 271, counsel for Plaintiff Continental Circuits LLC and Defendants Intel Corporation, Ibiden Corporation, Ltd. and Ibiden U.S.A. Corporation (collectively, "Defendants") jointly submit the following Joint Case Management Report.

**1.    Parties Who Attended the Rule 26(f) Meeting.**

Counsel for Plaintiff, counsel for Defendants Ibiden Co., Ltd. and Ibiden U.S.A. Corp., and counsel for Defendant Intel Corp. participated in the Rule 26(f) Meeting and approved this document.

**2.    Parties**

    A.    Plaintiff

        Continental Circuits, LLC

    B.    Defendants

        Ibiden Co., Ltd.

        Ibiden U.S.A. Corp.

        Intel Corp.

**3.    Nature of The Case[1]**

    A.    Plaintiff's Statement

This is a patent infringement action under 35 U.S.C. §§ 1 *et seq*. Plaintiff Continental Circuits owns all right, title, and interest in and to U.S Patent No. 7,501, 582 ("the '582 patent"), U.S. Patent No. 8,278,560 ("the '560 patent"), U.S. Patent No. 8,581,105 ("the '105 patent"), and U.S. Patent No. 9,374,912 ("the '912 patent") (collectively, the "patents-in-suit"). The patents-in-suit generally cover a multilayer electrical device, such as a circuit board, having a roughened surface structure for joining at least one of the layers, and methods of making the same. Continental Circuits alleges that Defendants infringe at least one claim of the patents-

---

[1] Nothing presented herein should be construed as an admission by either party, or construed to limit, waive, or otherwise impact any issues, arguments, or claims that the parties wish to assert in this action.

- 2 -

632573.1

in-suit by making, using, offering to sell, selling or importing Intel's Atom, Core, Pentium, Celeron, Xeon, Itanium, Quark, Chipset, and Wireless Network Adapter products in the United States, and the package substrates contained within those products. Continental Circuits alleges that Defendants infringe the patents-in-suit both directly and indirectly, and have done so willfully. Defendants have known about the patents-in-suit, in part because of Continental Circuits commercial prominence as a printed circuit board supplier, as well the meetings and interactions described in paragraphs 22 through 41 of Plaintiff's Complaint. (Dkt. No. 1.) Continental Circuits also seeks injunctive relief or a compulsory ongoing royalty, attorneys' fees, supplemental damages, enhanced damages, costs, and pre- and post-judgment interest.

### B. Defendants' Statement

Plaintiff Continental Circuits LLC is a non-practicing entity formed in 2016 by a Chicago-based attorney named Peter Tryzna. The original assignee of the patents-in-suit—a former Florida company named Continental Circuits Inc. (which has no known relationship to Plaintiff Continental Circuits LLC)—is believed to have gone bankrupt in 1998 and ultimately dissolved in 2013. The Complaint alleges that Plaintiff Continental Circuits LLC now owns by assignment "all rights, title and interest" to the patents-in-suit. (Dkt. No. 1 ¶ 19.)

The Complaint alleges a single "Count" of direct, indirect, and willful infringement of the patents-in-suit by each of Intel Corporation ("Intel") and the Ibiden Defendants (Ibiden Corporation, Ltd. and Ibiden U.S.A. Corporation, collectively, "Ibiden")). (Dkt. No. 1 ¶¶ 112-43.) The four patents-in-suit claim priority to an application filed in 1997. While the Complaint only attempts to articulate an infringement theory for a single asserted claim—claim 14 of the '560 patent, Plaintiff's infringement allegations purport to span all 337 claims of the four patents-in-suit and over 1,000 accused products. The alleged infringing component of the accused products is a portion of certain material layers in an integrated circuit package—i.e., the case that protects the actual IC—called the substrate.

- 3 -

632573.1

Intel and Ibiden have filed motions to dismiss based on basic deficiencies in the Complaint, including on grounds of: (i) failure to allege a plausible claim for direct infringement of any asserted claim; (ii) failure to allege a plausible claim for infringement regarding Intel's Itanium, Quark, Chipsets, and Wireless Network Adaptor products; (iii) failure to allege plausible claims for induced and contributory infringement; and (iv) failure to allege a plausible claim of willful infringement. (Dkt. Nos. 49, 52.) The motions are now fully briefed. Defendants respectfully request that the Court hear oral argument on the Motions at the upcoming Case Management Conference on November 17, 2016.

Further, while Defendants have not yet answered the Complaint, Defendants deny that they have directly or indirectly infringed the patents-in-suit, willfully or otherwise. Defendants further intend to assert defenses and counterclaims, *inter-alia*, that the patents-in-suit are invalid and not infringed. Defendants deny that Plaintiff is entitled to any relief whatsoever. In addition, Defendants intend to raise the defenses of laches, unclean hands, and equitable estoppel on the grounds that Plaintiff waited nearly twenty-years to bring these infringement allegations despite the fact that the Complaint itself admits knowledge of the alleged predicate facts dating to at least 1997. (*See* Dkt. No. 1, ¶¶ 22-41). Defendants have been and will continue to be prejudiced by this substantial and unjustified delay.

**4.     Jurisdictional Basis of the Case.**

A. Plaintiff's Statement

This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has personal jurisdiction over Defendants for the reasons described in paragraphs 6 through 10 of the Complaint. (Dkt. No. 1.)

B. Defendants' Statement

Plaintiff alleges in the Complaint that it "owns all rights, title, and interest in and to the '582 patent, the '560 patent, the '105 patent, and the '912 patent (the 'patents-in-suit') and possess all rights of recovery." (Dkt. No. 1 ¶ 19.) Defendants lack sufficient facts to

- 4 -

632573.1

determine whether this is true as a matter of law or fact. Therefore, it is unclear to Defendants whether Plaintiff has standing to sue and thus whether this Court has subject matter jurisdiction over Plaintiff's claims.

**5. Parties Not Served.**

None.

**6. Statement Regarding Additional Parties and/or Amending Complaint.**

A. Plaintiff's Statement

Continental Circuits does not expect to add any additional parties at this time, but anticipates that an amended complaint may become necessary within a reasonable amount of time after receiving substantially complete discovery from Defendants.

B. Defendants' Statement

Defendants do not expect to add any additional parties at this time.

**7. Contemplated Motions and Issues Involved.**

A. Plaintiff's Statement

Continental Circuits does not currently anticipate any motions other than those that have already been filed by Defendants. Defendants have not answered Continental Circuits' complaint, however, and Continental Circuits reserves the right to move to dismiss any inadequately pled defenses raised in those answers. Continental Circuits anticipates that there are likely to be issues for which it may move for summary judgment, and reserves the right to file any necessary motions to compel or other motions under the Federal Rules of Civil Procedure and/or Federal Rules of Evidence, including *Daubert* motions related to Defendants' forthcoming expert reports. Continental Circuits further expects that *Markman* proceedings will be necessary to clarify the meaning of certain terms in the asserted claims of the patents-in-suit. With respect to Defendants' pending Motions to Dismiss, Continental Circuits does not believe that oral argument is necessary. Should the Court wish to hear argument on Defendants' pending Motions to Dismiss, Continental Circuits will be prepared to argue those motions at the Court's preferred time and date.

- 5 -

632573.1

B. <u>Defendants' Statement</u>

Intel and Ibiden do not currently anticipate any immediate motions other than those that have already been filed by Defendants. With respect to Defendants' pending Motions to Dismiss, Defendants' respectfully request as indicated above that the Court hear oral argument on the Motions at the upcoming Case Management Conference on November 17, 2016. Defendants additionally anticipate that they are likely to file summary judgment motions on one or more issues in this case, including non-infringement and invalidity, and reserve the right to file any necessary motions to compel or other motions under the Federal Rules of Civil Procedure and/or Federal Rules of Evidence.

**8. Suitable Reference to United States Magistrate Judge for Trial or Settlement Conference.**

The parties agree and respectfully submit that this case is not suitable for reference to a Magistrate Judge for a settlement conference or trial.

**9. Status of Related Cases.**

The parties and their counsel are unaware of any related cases.

**10. Preservation, Disclosure, or Discovery of Electronically Stored Information.**

No issues are anticipated at this time. All counsel have confirmed that their clients are aware of their duties to preserve potentially relevant evidence, including electronically stored information ("ESI"). In addition, the parties have met and conferred regarding ESI discovery matters and agreed to and submitted concurrently a proposed Order Regarding Discovery of Electronically Stored Information, which sets forth certain agreed provisions relating to ESI discovery in this matter.

**11. Claims of Privilege or Work Product.**

The parties have agreed to and submitted concurrently a proposed Protective Order to govern assertions of privilege and work product, inadvertent disclosures of privileged material, and a proposed provision pursuant to Federal Rule of Evidence 502(d).

- 6 -

632573.1

**12.   Federal Rule of Evidence 502(d) Order Warranted.**

See No. 11, above.

**13.   Necessary Discovery.**

**A.  Extent, Nature, and Location of Discovery**

Plaintiff's Statement:  Continental Circuits anticipates that it will seek the following discovery from Defendants, all of which is essential to evaluating infringement, willfulness, and damages, and thus proportional to the needs of the case:  technical information about the design, manufacture, testing, operation, performance, and benefits of the accused products; information about alternatives to the accused products and features and competitive analysis; documents and communications about Defendants' awareness of and dealings with Continental Circuits pre-suit; documents and communications about Defendants' practices and procedures with respect to intellectual property, patent licensing, and the like; documents about the costs, revenues, profits, and other financial data regarding the accused products; documents about the usage, popularity, marketing, and customer preference for the accused products and accused features; interrogatories regarding the information described above; deposition testimony from witnesses listed on Defendants' Initial Disclosures, and from Rule 30(b)(6) designees about topics similar to those listed above.

Defendants' Statement:  Intel and Ibiden anticipate that they will seek discovery from Plaintiff relating to the following issues:  Prosecution of the patents-in-suit; the scope and meaning of the asserted claims; the conception and reduction to practice of the alleged invention(s); prior art to the patents-in-suit and knowledge thereof; Plaintiff's infringement allegations and related pre-suit investigation; the allegations in the Complaint regarding purported knowledge of the asserted patents and willful and induced infringement by Defendants; Plaintiff's acquisition of the patents-in-suit; knowledge of the alleged infringement by Defendants and the delay by Plaintiff and its predecessors-in-interest in bringing suit; the purported benefits of the alleged invention(s); interests in the patents-in-suit and/or this litigation held by Plaintiff and third parties; licensing and other agreements relating to the patents-in-suit; the chain of title of the

- 7 -

632573.1

patents-in-suit; products designed, made, used, and/or sold by the predecessors-in-interest to the patents-in-suit, including but not limited to Continental Circuits Inc. and business records related thereto; Plaintiff's correspondence with the named inventors and third parties identified in the Complaint (including Mr. Jeff Long); and correspondence by and between the named inventors. Defendants reserve the right to seek additional discovery from Plaintiff regarding other relevant issues that arise in the course of discovery.

Defendants also anticipate seeking third party discovery pertaining to issues including: Prior art to the patents-in-suit; ownership and other interests in the patents-in-suit or this litigation held by third parties; the chain of title to the patents-in-suit; and discovery from third parties referenced in the Complaint including the named inventors and Mr. Jeff Long.

Defendants further agree that some, but not necessarily all, of the categories of technical documents and information identified by Plaintiff above will be relevant to Defendants' affirmative defenses and counterclaims, including noninfringement.

### B. Suggested Changes to Discovery Limitations

#### 1. Interrogatories

The Parties agree that each side be entitled to serve 15 common interrogatories on the other side. Each side may serve up to 20 individual interrogatories on the other side, with no single defendant or Defendant Group serving or responding to more than 10 individual interrogatories.[2]

#### 2. Requests for Admission

The Parties agree that each side may serve up to sixty (60) requests for admission (collectively, on all opposing parties), with no defendant or Defendant Group serving or responding to more than 30 requests for admission, individually. Notwithstanding this limitation, each side may serve unlimited requests for admission for the purpose of authenticating documents.

#### 3. Requests for Production

---

[2] "Defendant Group" refers to the group consisting of Ibiden Co. and Ibiden USA Co.

- 8 -

632573.1

The Parties agree that each side may serve up to 80 requests for production on the other side, with no defendant or Defendant Group serving or responding to more than 60 requests for production, individually. These limits on the requests for production shall not apply to e-mail ESI requests, which are governed by the separate ESI Order.

4. Deposition Limits

The parties agree that each party (or defendant group) be entitled to 130 hours of non-expert deposition time. No single defendant or defendant group shall be subject to more than 60 hours of deposition time. The Parties further agree that the parties be entitled to depose all witnesses listed on each opposing party's initial disclosures list, witnesses designated as corporate representatives in response to a 30(b)(6) notice, and corporate representative(s), if any, brought by a party to trial, subject to the total hourly limits above. In the event of a party's failure to timely disclose the identity of a witness that the party elects to bring to trial (i.e., where the existence of a witness was not made known during the fact discovery period, and is only later identified for purposes of trial), the other side shall be entitled to depose that witness irrespective of the hourly limits above. The parties further agree that, for depositions which require translator(s), those depositions will be counted at 50% of the total deposition time (*e.g.*, a seven (7) hour deposition would count as 3.5 hours). The parties further agree that fact depositions are limited to no more than seven (7) hours per deposition.

The Parties further agree that, for each testifying expert disclosed pursuant to Rule 26 and having submitted an expert report, the expert will be made available for deposition by the opposing side for no more than seven (7) hours. However, if an expert submits reports on more than one substantive issue (*e.g.*, infringement and invalidity), that expert must be made available for an additional 3.5 hours per additional substantive issue (*e.g.*, for a total of 10.5 hours in the case of an expert opining on infringement and invalidity).

**14.    Initial Disclosures Exchange Date.**

The Parties agree to exchange Rule 26 initial disclosures on or before December 2, 2016.

- 9 -

632573.1

**15.    Case Schedule**

| Event | Agreed Date |
|---|---|
| Rule 26 Initial disclosures | Dec. 2, 2016 |
| Deadline for completing initial settlement conference | March 24, 2017 |
| Plaintiff's identification of asserted claims from which the parties will identify proposed terms for construction | May 4, 2017 |
| Exchange Proposed Terms for construction | May 11, 2017 |
| Exchange Proposed Constructions and intrinsic / extrinsic evidence | May 18, 2017 |
| Deadline to meet and confer on proposed constructions | May 25, 2017 |
| Joint Claim Construction Statement

Parties submit mutual claim and prior art narrowing parameters for the 11/10/17 (claim election) and 11/24/17 (prior art election) deadlines. | June 1, 2017 |
| Deadline for parties' submission of claim construction briefs for disputed terms | June 8, 2017 |
| Deadline for parties' responsive claim construction briefs | June 29, 2017 |
| Claim construction hearing | July 27, 2017 (subject to the Court's availability) |
| Deadline for completion of fact discovery | November 3, 2017 |
| Plaintiff's election of asserted claims | November 10, 2017 |
| Defendants' election of prior art | November 24, 2017 (14 days after Plaintiff's election of claims) |

632573.1

| Event | Agreed Date |
|---|---|
| Deadline for opening expert reports (for issues on which party bears burden) | December 15, 2017 |
| Deadline for responsive expert reports | January 19, 2018 |
| Deadline for completion of expert depositions | March 2, 2018 |
| Deadline for dispositive motion/*Daubert* motions | March 30, 2018 |
| Oppositions to dispositive motion/*Daubert* motions | April 20, 2018 |
| Deadline for reply briefs on dispositive motions | April 27, 2018 |
| Summary Judgment Hearing | May 25, 2018 (subject to the Court's availability) |
| Pre-trial submissions | 30 days before pretrial conference |
| Trial | Ready by June 2018 |

**16.     Jury Trial Information**

A jury trial has been requested, and is not contested.

**17.     Settlement Prospects**

The parties are not currently engaged in settlement discussions.

**18.     Other Matters**

No issues are anticipated at this time.

DATED this 10th day of November, 2016.

[Signatures on following page]

- 11 -

632573.1

| | |
|---|---|
| By */s/ Bradley W. Caldwell*<br>Bradley W. Caldwell (*pro hac vice*)<br>Jason D. Cassady (*pro hac vice*)<br>J. Austin Curry (*pro hac vice*)<br>Warren J. McCarty (*pro hac vice*)<br>Jason S. McManis (*pro hac vice*)<br>**CALDWELL CASSADY CURRY P.C.**<br>2101 Cedar Springs Rd., Suite 1000<br>Dallas, Texas 75201<br>Telephone: (214) 888-4848<br>Facsimile: (214) 888-4849<br>Email: bcaldwell@caldwellcc.com<br>Email: jcassady@caldwellcc.com<br>Email: acurry@caldwellcc.com<br>Email: wmccarty@caldwellcc.com<br>Email: jmcmanis@caldwellcc.com<br><br>Joseph A. Schenk– 009260<br>**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**<br>2390 East Camelback Road, Suite 400<br>Phoenix, Arizona 85016<br>Telephone:  (602) 248-8203<br>Facsimile:  (602) 248-8840<br>E-Mail:  docket@ashrlaw.com<br>E-Mail:  jas@ashrlaw.com<br><br>*ATTORNEYS FOR PLAINTIFF CONTINENTAL CIRCUITS, LLC* | By */s/ Joseph J. Mueller (with permission)*<br>Chad S. Campbell (State Bar No. 012080)<br>CSCampbell@perkinscoie.com<br>**PERKINS COIE LLP**<br>2901 N. Central Avenue<br>Suite 2000<br>Phoenix, AZ 85012<br>Tel: (602) 351-8000 / Fax: (602) 648-7000<br><br>William F. Lee (*pro hac vice*)<br>William.Lee@wilmerhale.com<br>Joseph J. Mueller (*pro hac vice*)<br>Joseph.Mueller@wilmerhale.com<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6000 / Fax: (617) 526-5000<br><br>Nina S. Tallon (*pro hac vice*)<br>Nina.Tallon@wilmerhale.com<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>1875 Pennsylvania Ave. NW<br>Washington, DC  20006<br>Tel: (202) 663-6000 / Fax: (202) 663-6363<br><br>*ATTORNEYS FOR DEFENDANT INTEL CORPORATION*<br><br>By *Frank J. West (with permission)*<br>Kenneth M. Motolenich-Salas<br>(Bar No. 027499)<br>**GALLAGHER & KENNEDY, P.A.**<br>2575 East Camelback Road<br>Phoenix, Arizona 85016-9225<br>Telephone: (602) 530-8000<br>Facsimile: (602) 530-8500<br>E-mail: ken.motolenich@gknet.com<br>Richard D. Kelly *(pro hac vice)*<br>Akihiro Yamazaki *(pro hac vice)*<br>Frank J. West *(pro hac vice)*<br>Jacob A. Doughty *(pro hac vice)*<br>Lisa M. Mandrusiak *(pro hac vice)*<br>**OBLON, McCLELLAND, MAIER & NEUSTADT, P.C.**<br>1940 Duke Street<br>Alexandria, Virginia 22314<br>Telephone: (703) 413-3000<br>Facsimile: (703) 413-2220 |

632573.1

Email: rkelly@oblon.com<br>
Email: ayamazaki@oblon.com<br>
Email: fwest@oblon.com<br>
Email: jdoughty@oblon.com<br>
Email: lmandrusiak@oblon.com

**ATTORNEYS FOR IBIDEN DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on this 10th day of November, 2016.

*/s/ Bradley W. Caldwell (pro hac vice)*

Bradley W. Caldwell

632573.1