# *Exhibit B*

**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
Joseph A. Schenk (State Bar No. 009260)
2390 East Camelback Road, Suite 400
Phoenix, Arizona 85016
Telephone: (602) 248-8203
Facsimile: (602) 248-8840
E-Mail: jas@ashrlaw.com

**ATTORNEYS FOR PLAINTIFF
CONTINENTAL CIRCUITS, LLC**

**PERKINS COIE LLP**
Chad S. Campbell (State Bar No. 012080)
2901 N. Central Avenue Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
E-mail: CSCampbell@perkinscoie.com

**ATTORNEYS FOR DEFENDANT
INTEL CORPORATION**

**GALLAGHER & KENNEDY, P.A.**
Kenneth M. Motolenich-Salas (Bar No. 027499)
2575 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
E-mail: ken.motolenich@gknet.com

**ATTORNEYS FOR DEFENDANTS
IBIDEN U.S.A CORP. AND IBIDEN CO., LTD**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CONTINENTAL CIRCUITS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>INTEL CORP.; IBIDEN U.S.A.; IBIDEN CO., LTD.,<br><br>    Defendants. | CASE NO. 2:16-cv-02026-DGC<br><br>**ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

The Court ORDERS as follows:

632573.1

1. This Order supplements all other discovery rules and orders.  It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified upon a stipulation of the parties filed with and approved by the Court, or by a contested motion for good cause shown.

3. By way of agreeing to this Order, no party waives any of its rights otherwise available under the Federal Rules, including under the cost shifting provisions of Federal Rule of Civil Procedure 26.

4. The format for the production of documents shall be as follows: Documents shall be produced in either native or 300 dpi single-page TIFF file formats, with appropriate accompanying load files.  The load files will contain the Bates number of the document, an indication of whether the document is redacted, and an indication of confidentiality designation.  The load files will also contain a custodian field, which shall provide: (a) the name of the individual(s) who is(are) the custodian(s) of the document or ESI for documents or ESI stored in a custodian-specific manner, or (b) an appropriately identifying name for the directory, server, or other source of a document or ESI not stored in a custodian-specific manner.  The parties agree not to degrade the searchability of documents as part of the document production process.  A producing party may produce documents as PDFs.  If produced as PDFs, to the extent reasonably possible, each PDF must be multi-page text-searchable, with full text preserved, branded with a Bates number and confidentiality designation for each page, and named according to the unique Bates numbers for the first page of the document, followed by the extension ".PDF".  If such documents produced in PDFs have individual custodian information associated with them, or have any of the metadata required to be provided in subsection B below, then a load file shall be produced with such PDFs in the same manner specified above for load files for TIFF productions.  When converting an electronic document to a PDF or TIFF format, the producing party shall ensure that any track changes, markups, comments, notes,

- 2 -

632573.1

annotations, or similar features contained in the document be visibly displayed in the image generated from the file.  The selection of the format of the production from any of the above specified formats, shall be, in the first instance, at the election of the producing party, and the producing party may elect a different format for different productions or different documents within the same production.  However, the requesting party may request that specific documents be produced, or re-produced, in a different format to facilitate reasonable use of the document.  For example, the requesting party may request that a spreadsheet be re-produced natively if produced originally in .TIFF.

5. ESI production requests under Federal Rules of Civil Procedure 34 and 45, including email production requests (defined below), shall not include metadata beyond that required by this paragraph absent a showing of good cause.  For email production requests, the following information fields shall be produced as part of the load file accompanying the production: the date and time that the document was sent and received, the sender of the email, as well as the complete distribution list (i.e. including direct recipients, CCs, and BCCs), and any attachments to the email, shall generally be included in the production.  For non-email ESI production requests, to the degree they exist in the native environment, the following fields shall be produced as part of the load file accompanying the production: creation date, author, last modified date, filename with extension, directory path, document title taken from file properties, and number of pages in document.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email").  To obtain email parties must propound specific email production requests, which shall not count against the Parties' agreed-upon limits as to requests for production.

7. Email production requests shall be in the form of an identification of the requested custodian(s), search term(s), and time frame.  Such requests shall be reasonably

- 3 -

632573.1

1  specific and identify a reasonable time frame for responsive emails.  The parties shall
2  cooperate to identify the proper custodians, proper search terms and proper timeframe.

3        8.     Each requesting party shall limit its email production requests to a total of six
4  custodians per producing party for all such requests.  The parties may jointly agree to
5  modify the limits set forth in this order without the Court's leave.  The Court shall consider
6  contested requests for up to five additional custodians, upon a showing of good cause.

7        9.     Each requesting party shall limit its email production requests to a total of ten
8  search terms per custodian per party.  The parties may jointly agree to modify this limit
9  without the Court's leave.  The Court shall consider contested requests for up to five
10 additional search terms per custodian, upon a showing of good cause.  The search terms
11 shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing
12 company's name or its product name, are inappropriate unless combined with narrowing
13 search criteria that sufficiently reduce the risk of overproduction.  A conjunctive
14 combination of multiple words or phrases (*e.g.*, "computer" and system") narrows the
15 search and shall count as a single search term.  A disjunctive combination of multiple
16 words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or
17 phrase shall count as a separate search term unless they are variants of the same word or
18 have a similar meaning.  Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is
19 encouraged to limit the scope of the production.  Each party shall serve a disclosure to the
20 other party, within thirty (30) days from the date of this Order, of any limitations on its
21 capability to run narrowing searches.

22       10.    If, at any time, the producing party contends that any of the requesting party's
23 requests, either individually or collectively, exceed any of the limitations of this Order, then
24 the producing party shall inform the requesting party of such contention before the
25 producing party incurs costs relating to such requests and the parties agree to meet and
26 confer in good faith to reach a resolution.  Nothing herein prohibits or supersedes the
27 Court's power to order costs to be shifted for disproportionate ESI requests under the
28

- 4 -

632573.1

Federal Rules.  However, before a producing party incurs costs relating to ESI requests that it believes are disproportionate, the producing party shall inform the requesting party that it believes such ESI requests are disproportionate, identifying the specific ESI requests contended to be disproportionate and explaining the basis for that position, including providing any related quotes or estimates.  The parties shall then meet and confer in good faith regarding the identified ESI requests.

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.  The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.  The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.  The foregoing provisions do not otherwise modify the treatment of inadvertently produced material under the agreed Protective Order.

12. Backup media and systems no longer in use are deemed to be not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and ESI from those sources must be preserved, but need not be searched, reviewed, or produced, unless good cause is shown.  The following sources are also deemed to be not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and need not be preserved:

- "deleted," "slack," "fragmented," or "unallocated" data on hard drives;
- random access memory (RAM) or other ephemeral data;
- on-line access data such as temporary internet files, history, cache, cookies, etc.;
- data in metadata fields that are frequently updated automatically, such as last-opened dates;
- instant messages;

- 5 -

632573.1

- automatically saved versions of documents;

- system or executable files (.exe, .dll, etc.);

- audio, video, or audio-visual information, including telephonic recordings or voicemail (*e.g.*, .wav, .mp3, .avi, .swf, etc.), unless the responsiveness of specific files is made known to counsel during search, review, collection, or production of other responsive information;

- unreadable or corrupt files;

- data from Blackberry, iPhone or other smartphone devices where the producing party believes based on its standard practices that the information contained therein is expected to be duplicative of other sources (*e.g.*, other email systems);

- materials retained primarily for backup or disaster recovery purposes; and

- any other file types subsequently agreed by the parties.

13. A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians. If responsive ESI is de-duplicated, the producing party shall (a) include a specific field in the load file indicating which documents were de-duplicated, and (b) include each custodian which had possessed a copy of the document in the load file's custodian metadata field, with each such custodian separated by an appropriate delimiter. To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, or to the extent that population of the above fields is not possible or

- 6 -

632573.1

practicable, the parties shall meet and confer to discuss any other proposed method of de-duplication.

14. Privileged or work-product protected communications that post-date the filing of the complaint in this litigation, involve counsel, and directly concern this litigation or *inter partes* reviews involving the asserted patents need not be identified on a privilege log. A party need include only one entry on the log (including the names of all of the recipients of the communications) to identify withheld emails that constitute an uninterrupted dialogue between or among individuals, provided that all participants to any portion of such dialogue shall be included in the log entry if the log entry reflects more than one email. The parties shall also log any redacted documents and identify those document(s) by Bates number in the respective log entry(ies).

IT IS SO ORDERED.