**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
Joseph A. Schenk (State Bar No. 009260)
2390 East Camelback Road, Suite 400
Phoenix, Arizona 85016
Telephone:  (602) 248-8203
Facsimile:  (602) 248-8840
E-Mail:  jas@ashrlaw.com

**ATTORNEYS FOR PLAINTIFF**
**CONTINENTAL CIRCUITS, LLC**

**PERKINS COIE LLP**
Chad S. Campbell (State Bar No. 012080)
2901 N. Central Avenue Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
E-mail: CSCampbell@perkinscoie.com

**ATTORNEYS FOR DEFENDANT**
**INTEL CORPORATION**

**GALLAGHER & KENNEDY, P.A.**
Kenneth M. Motolenich-Salas (Bar No. 027499)
2575 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
E-mail: ken.motolenich@gknet.com

**ATTORNEYS FOR DEFENDANTS**
**IBIDEN U.S.A CORP. AND IBIDEN CO., LTD.**

*Additional counsel identified below*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Continental Circuits, LLC, | CASE NO. 2:16-cv-02026-DGC |
| Plaintiff, | |
| v. | **REVISED JOINT CASE MANAGEMENT REPORT** |
| Intel Corporation.; Ibiden U.S.A. Corporation.; Ibiden Co., Ltd. | |
| Defendants. | |

Pursuant to the Order issued by this Court following the November 17, 2016 scheduling conference in the above-captioned matter, counsel for Plaintiff Continental Circuits LLC and Defendants Intel Corporation, Ibiden Corporation, Ltd. and Ibiden U.S.A. Corporation (collectively, "Defendants") jointly submit the following revisions to the Joint Case Management Report at ECF No. 61, filed on November 10, 2016.

**1.    Preservation, Disclosure, or Discovery of Electronically Stored Information.**

All counsel have confirmed that their clients are aware of their duties to preserve potentially relevant evidence, including electronically stored information ("ESI"). In addition, the parties have met and conferred regarding ESI discovery matters and agreed to and submitted concurrently a proposed Order Regarding Discovery of Electronically Stored Information, which sets forth certain agreed provisions relating to ESI discovery in this matter.

**2.    Claims of Privilege or Work Product**

The parties have agreed to and submitted concurrently a proposed Protective Order to govern assertions of privilege and work product, inadvertent disclosures of privileged material, and a proposed provision pursuant to Federal Rule of Evidence 502(d).

**3.    Suggested Changes to Discovery Limitations.**

1. Interrogatories

The Parties agree that each side be entitled to serve 15 common interrogatories on the other side. Each side may serve up to 20 individual interrogatories on the other side, with no single defendant or Defendant Group serving or responding to more than 10 individual interrogatories.[1]

2. Requests for Admission

The Parties agree that each side may serve up to sixty (60) requests for admission (collectively, on all opposing parties), with no defendant or Defendant Group serving or responding to more than 30 requests for admission, individually. Notwithstanding this limitation,

---

[1] "Defendant Group" refers to the group consisting of Ibiden Co. and Ibiden USA Co.

each side may serve unlimited requests for admission for the purpose of authenticating documents.

### 3. Requests for Production

The Parties agree that each side may serve up to sixty (60) requests for production on the other side, with no defendant or Defendant Group serving or responding to more than forty (40) requests for production, individually.  These limits on the requests for production shall not apply to e-mail ESI requests, which are governed by the separate ESI Order.

### 4. Deposition Limits

The parties agree that each party (or defendant group) be entitled to 100 hours of non-expert deposition time.  No single defendant or defendant group shall be subject to more than fifty-five (55) hours of deposition time.  The Parties further agree that the parties be entitled to depose all witnesses listed on each opposing party's initial disclosures list, witnesses designated as corporate representatives in response to a 30(b)(6) notice, and corporate representative(s), if any, brought by a party to trial, subject to the total hourly limits above.  In the event of a party's failure to timely disclose the identity of a witness that the party elects to bring to trial (*i.e.*, where the existence of a witness was not made known during the fact discovery period, and is only later identified for purposes of trial), the other side shall be entitled to depose that witness irrespective of the hourly limits above.  The parties further agree that, for depositions which require translator(s), those depositions will be counted at 50% of the total deposition time (*e.g.*, a seven (7) hour deposition would count as 3.5 hours).  The parties further agree that fact depositions are limited to no more than seven (7) hours per deposition.

The Parties further agree that, for each testifying expert disclosed pursuant to Rule 26 and having submitted an expert report, the expert will be made available for deposition by the opposing side for no more than seven (7) hours.

Defendants' proposal regarding expert depositions: Consistent with the parties' November 10, 2016 Joint Case Management Report (ECF 61), Defendants propose that for any experts that submit reports on more than one substantive issue (e.g., infringement and invalidity), that expert must be made available for an additional 3.5 hours per additional substantive issue

(*e.g.*, for a total of 10.5 hours in the case of an expert opining on infringement and invalidity).[2]

### 4.      Revised Case Schedule

| Event | Agreed Date |
|---|---|
| Rule 26 Initial disclosures | Dec. 2, 2016 |
| Status Conference | March 2, 2017 |
| Deadline for completing initial settlement conference | March 24, 2017 |
| Plaintiff's identification of asserted claims from which the parties will identify proposed terms for construction.<br><br>Plaintiff shall assert no more than a total of 32 claims. | May 4, 2017 |
| Exchange Proposed Terms for construction | May 11, 2017 |
| Exchange Proposed Constructions and intrinsic / extrinsic evidence | May 18, 2017 |
| Deadline to meet and confer on proposed constructions | May 25, 2017 |
| Joint Claim Construction Statement<br><br>A maximum of 10 terms will be construed, unless parties have received other instruction from the Court.  If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon to be the most important for construction and then divide the remainder evenly between Plaintiff and Defendants.<br><br>The 10 term limit does not apply to terms identified as indefinite. | June 1, 2017 |

---

[2] Continental Circuits does not oppose this request.

| Event | Agreed Date |
|---|---|
| Status Conference | June 2, 2017 |
| Deadline for parties' submission of claim construction briefs for disputed terms | June 8, 2017 |
| Deadline for parties' responsive claim construction briefs | June 29, 2017 |
| Claim construction hearing | August 3, 2017 (subject to the Court's availability) |
| Status Conference | September 5, 2017 |
| Defendants' identification of asserted prior art.<br><br>Defendants shall assert no more than a total of 40 references. For purposes of this election of prior art, each obviousness combination would count as a separate (but single) prior art reference. | September 8, 2017 |
| Deadline for completion of fact discovery | November 3, 2017 |
| Plaintiff's Final election of asserted claims<br><br>Plaintiff shall identify no more than six asserted claims per patent from among the previously identified claims, and no more than a total of 16 claims. | November 10, 2017 |
| Defendants' Final election of prior art<br><br>Defendants shall identify no more than eight asserted prior art references per patent from among the prior art references previously identified, and no more than a total of 24 references.  For purposes of this Final election of prior art, each obviousness combination counts as a separate (but single) prior art reference. | November 27, 2017 |
| Status Conference | December 4, 2017 |
| Deadline for opening expert reports (for issues on which party bears burden) | December 15, 2017 |
| Deadline for responsive expert reports | January 19, 2018 |

| Event | Agreed Date |
|---|---|
| Deadline for completion of expert depositions | March 2, 2018 |
| Status Conference | March 5, 2018 |
| Deadline for dispositive motion/*Daubert* motions | March 30, 2018 |
| Oppositions to dispositive motion/*Daubert* motions | April 20, 2018 |
| Deadline for reply briefs on dispositive motions/*Daubert* motions | April 27, 2018 |

**5.**    **Whether there are issues or discovery that should be addressed first in the litigation.**

Pursuant to the Court's order, the parties have met and conferred but have been unable to identify any specific issues or discovery that should be addressed first in the litigation. The parties will be prepared to revisit this question at the first case status conference, scheduled for March 2017.

DATED this 1st day of December, 2016.

[Signatures on following page]

| | |
|---|---|
| 1 | By */s/ Bradley W. Caldwell* |
| | Bradley W. Caldwell (*pro hac vice*) |
| 2 | Jason D. Cassady (*pro hac vice*) |
| | J. Austin Curry (*pro hac vice*) |
| 3 | Warren J. McCarty (*pro hac vice*) |
| | Jason S. McManis (*pro hac vice*) |
| 4 | **CALDWELL CASSADY CURRY P.C.** |
| | 2101 Cedar Springs Rd., Suite 1000 |
| 5 | Dallas, Texas 75201 |
| | Telephone: (214) 888-4848 |
| 6 | Facsimile: (214) 888-4849 |
| | Email: bcaldwell@caldwellcc.com |
| 7 | Email: jcassady@caldwellcc.com |
| | Email: acurry@caldwellcc.com |
| 8 | Email: wmccarty@caldwellcc.com |
| | Email: jmcmanis@caldwellcc.com |
| 9 | |
| | Joseph A. Schenk– 009260 |
| 10 | **AIKEN SCHENK HAWKINS & RICCIARDI P.C.** |
| | 2390 East Camelback Road, Suite 400 |
| 11 | Phoenix, Arizona 85016 |
| | Telephone:  (602) 248-8203 |
| 12 | Facsimile:  (602) 248-8840 |
| | E-Mail:  docket@ashrlaw.com |
| 13 | E-Mail:  jas@ashrlaw.com |
| 14 | |
| | ***ATTORNEYS FOR PLAINTIFF CONTINENTAL*** |
| 15 | ***CIRCUITS, LLC*** |

By */s/ Joseph J. Mueller (with permission)*
William F. Lee (*pro hac vice*)
William.Lee@wilmerhale.com
Joseph J. Mueller (*pro hac vice*)
Joseph.Mueller@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6000 / Fax: (617) 526-5000

Nina S. Tallon (*pro hac vice*)
Nina.Tallon@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Ave. NW
Washington, DC  20006
Tel: (202) 663-6000 / Fax: (202) 663-6363

Chad S. Campbell (State Bar No. 012080)
CSCampbell@perkinscoie.com
**PERKINS COIE LLP**
2901 N. Central Avenue
Suite 2000
Phoenix, AZ 85012
Tel: (602) 351-8000 / Fax: (602) 648-7000

***ATTORNEYS FOR DEFENDANT INTEL CORPORATION***

By *Frank J. West (with permission)*
Richard D. Kelly *(pro hac vice)*
Akihiro Yamazaki *(pro hac vice)*
Frank J. West *(pro hac vice)*
Jacob A. Doughty *(pro hac vice)*
Lisa M. Mandrusiak *(pro hac vice)*
**OBLON, MCCLELLAND, MAIER & NEUSTADT, P.C.**
1940 Duke Street
Alexandria, Virginia 22314
Telephone: (703) 413-3000
Facsimile: (703) 413-2220
Email: rkelly@oblon.com
Email: ayamazaki@oblon.com
Email: fwest@oblon.com
Email: jdoughty@oblon.com
Email: lmandrusiak@oblon.com

Kenneth M. Motolenich-Salas
(Bar No. 027499)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road

Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
E-mail: ken.motolenich@gknet.com

**ATTORNEYS FOR IBIDEN DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on this 1st day of December, 2016.

*/s/ Bradley W. Caldwell (pro hac vice)*
Bradley W. Caldwell