1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7               FOR THE DISTRICT OF ARIZONA
8
9   Continental Circuits, LLC,              No.  CV 16-2026 PHX DGC
10                     Plaintiff,            **CASE MANAGEMENT ORDER**
11  v.
12  Intel Corporation, et al.,
13                     Defendant.
14
15          The Court enters the following Case Management Order to govern the litigation in
16  this case:
17          1.      Deadline for Initial Disclosures.   Initial disclosures required by Federal
18  Rule of Civil Procedure 26(a) have been exchanged.
19          2.      Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental
20  Pleadings.  The deadline for joining parties, amending pleadings, and filing supplemental
21  pleadings is **60 days** from the date of this Order.
22          3.      Discovery Limitations.
23                  a.      Each side may serve 15 common interrogatories on the other side.
24  Each side may serve up to 20 individual interrogatories on the other side, with no single
25  defendant or Defendant Group serving or responding to more than 10 individual
26  interrogatories.  (Defendant Group means Ibiden. Co. and Ibiden USA Co.)
27                  b.      Each side may serve up to 60 requests for admission (collectively,
28  on all opposing parties), with no defendant or Defendant Group serving or responding to

more than 30 requests for admission, individually.   Each side may serve unlimited requests for admission for the purpose of authenticating documents.

        c.      Each side may serve up to 60 requests for production on the other side, with no defendant or Defendant Group serving or responding to more than 40 requests for production.  These limits on the requests for production shall not apply to e-mail ESI requests, which are governed by the separate ESI Order.

        d.      Each party (or Defendant Group) shall be entitled to 100 hours of non-expert deposition time.  No single defendant or Defendant Group shall be subject to more than 55 hours of deposition time.  Fact depositions are limited to 7 hours per deposition.  Depositions which require a translator will be counted at 50% of the total deposition time (e.g., a 7 hour deposition would count as 3.5 hours).

        e.      Each testifying expert may be deposed by the opposing side for no more than 7 hours.  If an expert opines on infringement and invalidity, the expert may be deposed for up to 10 hours.

    4.   <u>Schedule</u>.  The schedule for this litigation shall be as follows:

        a.      Status Conference – March 2, 2017, at 3:00 p.m.

        b.      Deadline for completing initial settlement conference – March 24, 2017.

        c.      Plaintiff's identification of asserted claims from which the parties will identify proposed terms for construction (Plaintiff shall assert no more than a total of 32 claims) – May 4, 2017.

        d.      Exchange Proposed Terms for construction – May 11, 2017.

        e.      Exchange Proposed Constructions and intrinsic/extrinsic evidence – May 18, 2017.

        f.      Deadline to meet and confer on proposed constructions – May 25, 2017.

        g.      Joint Claim Construction Statement – June 1, 2017.  A maximum of 10 terms will be construed, unless parties have received other

instruction from the Court.  If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon to be the most important for construction and then divide the remainder evenly between Plaintiff and Defendants.  The 10 term limit does not apply to terms identified as indefinite.

h.   Status Conference -- June 2, 2017, at 3:00 p.m.

i.   Deadline for parties' submission of claim construction briefs for disputed terms – June 8, 2017.

j.   Deadline for parties' responsive claim construction briefs – June 29, 2017.

k.   Claim construction hearing – August 4, 2017, at 10:00 a.m.

l.   Status Conference – September 5, 2017 at 3:00 p.m.

m.   Defendants' identification of asserted prior art – September 8, 2017. Defendants shall assert no more than a total of 40 references.  For purposes of this election of prior art, each obviousness combination would count as a separate (but single) prior art reference.

n.   Deadline for completion of fact discovery – November 3, 2017.

o.   Plaintiff's Final election of asserted claims – November 10, 2017. Plaintiff shall identify no more than six asserted claims per patent from among the previously identified claims, and no more than a total of 16 claims.

p.   Defendants' Final election of prior art – November 27, 2017. Defendants shall identify no more than eight asserted prior art references per patent from among the prior art references previously identified, and no more than a total of 24 references. For purposes of this Final election of prior art, each obviousness combination counts as a separate (but single) prior art reference.

q.   Status Conference – December 8, 2017, at 3:00 p.m.

1            r.      Deadline for expert reports (for issues on which party bears burden)
2                          – December 15, 2017.

3            s.      Deadline for responsive expert reports – January 19, 2018.

4            t.      Deadline for completion of expert depositions – March 2, 2018.

5            u.      Status Conference – March 9, 2018 at 3:00 p.m.  Before the status
6                          conference, the parties shall exchange letters, not to exceed 5 pages,
7                          describing the summary judgment and *Daubert* motions they intent
8                          to file and the arguments in those motions.  The parties then shall
9                          exchange a second set of letters, not to exceed 5 pages, describing
10                        their intended responses to the other side's motions.  The parties
11                        shall provide the Court will copies of these letters at least one week
12                        before the status conference.

13            v.      Deadline for dispositive motion/*Daubert* motions – March 30, 2018.

14            w.      Oppositions to dispositive motion/*Daubert* motions -- April 20,
15                          2018.

16            x.      Deadline for reply briefs on dispositive motions/*Daubert* motions –
17                          April 27, 2018

18       5.      <u>Expert Reports.</u>

19            a.      The parties shall provide full and complete expert disclosures as
20 required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure.  As stated in
21 the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under
22 Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during
23 direct examination, together with the reasons therefor."  Full and complete disclosures of
24 such testimony are required on the dates set forth above; absent extraordinary
25 circumstances, parties will not be permitted to supplement expert reports after these
26 dates.  The Court notes, however, that it usually permits parties to present opinions of
27 their experts that were elicited by opposing counsel during depositions of the experts.
28 Counsel should depose experts with this fact in mind.

b.      Disclosures under Rule 26(a)(2)(A) must include the identities of witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B).   Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above.  Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify.  The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.

6.      Discovery Disputes.

a.      If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute.  The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference.  The Court may order written briefing if it does not resolve the dispute during the telephone conference.  The parties shall not file written discovery motions without leave of Court.

b.      Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j).  Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

c.      Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

7.      The Deadlines Are Real.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.  The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

9.      Briefing Requirements.

a.      All memoranda filed with the Court shall comply with Local Rule of

1   Civil Procedure 7.1(b) requiring 13 point font in text *and* footnotes.

2         b.     Citations in support of any assertion in the text shall be included in

3   the text, not in footnotes.

4        10.     The parties shall follow the procedures set forth in Exhibit A.

5

6        Dated this 2nd day of December, 2016.

7

8

9   _____

10              David G. Campbell
            United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

1.      As to any discovery dispute, the lead lawyers will confer personally or by phone to resolve the dispute; no one will write letters to the other – just e-mails and phone calls.

2.      Depositions will be taken by agreement, with both sides alternating and agreeing in advance on the dates for depositions, even before the deponents are identified.

3.      The parties will use the same court reporter/videographer, who agrees to provide specified services at discounted prices for the right to transcribe all depositions.

4.      All papers will be served on the opposing party by e-mail.

5.      Documents will be produced on a rolling basis as soon as they have been located and numbered; if copies are produced, the originals will be made available for inspection upon request.

6.      The parties will share the expense of imaging all deposition exhibits.

7.      The parties shall create Rule 26(b)(5) privilege logs for documents withheld on the basis of privilege, and shall provide copies of the privilege logs to opposing counsel within two weeks of withholding any documents on the basis of privilege.  If issues arise regarding privilege logs, each side will have the right to select 10 documents off the other's privilege log for submission to the court for in camera inspection.