AIKEN SCHENK HAWKINS & RICCIARDI P.C.
2390 East Camelback Road, Suite 400
Phoenix, Arizona 85016
Telephone: (602) 248-8203
Facsimile: (602) 248-8840
E-Mail:  docket@ashrlaw.com
E-Mail:  jas@ashrlaw.com
Joseph A. Schenk – 009260

Bradley W. Caldwell (*pro hac vice*)
Jason D. Cassady (*pro hac vice*)
J. Austin Curry (*pro hac vice*)
Warren J. McCarty (*pro hac vice*)
Jason S. McManis (*pro hac vice*)
CALDWELL CASSADY CURRY P.C.
2101 Cedar Springs Rd., Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849
Email: bcaldwell@caldwellcc.com
Email: jcassady@caldwellcc.com
Email: acurry@caldwellcc.com
Email: wmccarty@caldwellcc.com
Email: jmcmanis@caldwellcc.com

Attorneys for Plaintiff Continental Circuits, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Continental Circuits LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Intel Corp., Ibiden U.S.A. Corp., Ibiden Co., Ltd.,<br><br>　　　　　Defendants. | CASE NO. CV-16-2026-PHX-DGC<br><br>**CONTINENTAL CIRCUITS LLC'S ANSWER TO INTEL CORPORATION'S COUNTERCLAIMS** |

Continental Circuits LLC ("Continental") files this Answer to Defendant Intel Corp.'s ("Intel") Counterclaims (Dkt. 134) ("Counterclaims") and in support thereof would respectfully show the Court the following:

## COUNTERCLAIMS

### PARTIES

1. Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies the same.

2. On information and belief, admitted.

3. Admitted.

### JURISDICTION AND VENUE

4. Continental admits that the Counterclaims purport to set forth claims arising under the patent laws of the United States, Title 35, United States Code, but denies that any action of Continental gives rise to such a claim.

5. Continental admits that venue is proper in this district. Continental denies the remaining allegations of Paragraph 5.

6. Continental admits that it has sued Intel for infringing the Patents-In-Suit which it owns. Continental lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6, and therefore denies the same.

### BACKGROUND

7. Admitted.

8. On information and belief, admitted.

9. On information and belief, admitted.

10. Denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Continental admits that U.S. Patent No. 5,447,996 exists and the truth of what that document states can best be ascertained from that document.

15. On information and belief, admitted.

16. To the extent the allegations in Paragraph 16 refer to the knowledge of the named inventors of the Patents-in-Suit, admitted.  Otherwise, Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies..

17. Continental admits that U.S. Patent No. 5,998,237 exists and the truth of what that document states can best be ascertained from that document.

18. On information and belief, admitted.

### COUNT I – NONINFRINGEMENT OF THE '582 PATENT

19. Continental restates Paragraphs 1 through 18 as though fully set forth herein.

20. Continental admits that it owns the '582 patent which Intel infringes. Continental denies the remaining allegations of Paragraph 20.

21. Denied.

22. Continental admits that a justiciable controversy exists between Continental and Intel.  Continental denies the remaining allegations of Paragraph 22.

23. Denied.

24. Denied.

### COUNT II – INVALIDTY OF THE '582 PATENT

25. Continental restates Paragraphs 1 through 24 as though fully set forth herein.

26. Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and therefore denies the same.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

1   34.   Denied.

2   35.   Denied.

3   36.   Continental admits that the '582 patent is valid and enforceable.  Continental denies the remaining allegations of Paragraph 36.

5   37.   Continental admits that a justiciable controversy exists between Continental and Intel.  Continental denies the remaining allegations of Paragraph 37.

7   38.   Denied.

**COUNT III – NONINFRINGEMENT OF THE '560 PATENT**

9   39.   Continental restates Paragraphs 1 through 38 as though fully set forth herein.

10  40.   Continental admits that it owns the '560 patent which Intel infringes. Continental denies the remaining allegations of Paragraph 40.

12  41.   Denied.

13  42.   Continental admits that a justiciable controversy exists between Continental and Intel.  Continental denies the remaining allegations of Paragraph 42.

15  43.   Denied.

16  44.   Denied.

**COUNT IV – INVALIDTY OF THE '560 PATENT**

18  45.   Continental restates Paragraphs 1 through 44 as though fully set forth herein.

19  46.   Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and therefore denies the same.

21  47.   Denied.

22  48.   Denied.

23  49.   Denied.

24  50.   Denied.

25  51.   Denied.

26  52.   Denied.

27  53.   Denied.

28  54.   Denied.

55. Denied.

56. Denied.

57. Denied.

58. Continental admits that the '560 patent is valid and enforceable. Continental denies the remaining allegations of Paragraph 58.

59. Continental admits that a justiciable controversy exists between Continental and Intel. Continental denies the remaining allegations of Paragraph 59.

60. Denied.

### COUNT V – NONINFRINGEMENT OF THE '105 PATENT

61. Continental restates Paragraphs 1 through 60 as though fully set forth herein.

62. Continental admits that it owns the '105 patent which Intel infringes. Continental denies the remaining allegations of Paragraph 62.

63. Denied.

64. Continental admits that a justiciable controversy exists between Continental and Intel. Continental denies the remaining allegations of Paragraph 64.

65. Denied.

66. Denied.

### COUNT VI – INVALIDTY OF THE '105 PATENT

67. Continental restates Paragraphs 1 through 66 as though fully set forth herein.

68. Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and therefore denies the same.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

1  76. Denied.

2  77. Denied.

3  78. Denied.

4  79. Denied.

5  80. Continental admits that the '105 patent is valid and enforceable. Continental denies the remaining allegations of Paragraph 80.

7  81. Continental admits that a justiciable controversy exists between Continental and Intel. Continental denies the remaining allegations of Paragraph 81.

9  82. Denied.

## COUNT VII – NONINFRINGEMENT OF THE '912 PATENT

11 83. Continental restates Paragraphs 1 through 82 as though fully set forth herein.

12 84. Continental admits that it owns the '912 patent which Intel infringes. Continental denies the remaining allegations of Paragraph 84.

14 85. Denied.

15 86. Continental admits that a justiciable controversy exists between Continental and Intel. Continental denies the remaining allegations of Paragraph 86.

17 87. Denied.

18 88. Denied.

## COUNT VIII – INVALIDTY OF THE '912 PATENT

20 89. Continental restates Paragraphs 1 through 88 as though fully set forth herein.

21 90. Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90, and therefore denies the same.

23 91. Denied.

24 92. Denied.

25 93. Denied.

26 94. Denied.

27 95. Denied.

28 96. Denied.

1	97.	Denied.
2	98.	Denied.
3	99.	Denied.
4	100.	Denied.
5	101.	Denied.
6	102.	Denied.
7	103.	Denied.
8	104.	Continental admits that the '912 patent is valid and enforceable. Continental denies the remaining allegations of Paragraph 104.
10	105.	Continental admits that a justiciable controversy exists between Continental and Intel. Continental denies the remaining allegations of Paragraph 105.
12	106.	Denied.

### DEMAND FOR JURY TRIAL

Continental hereby demands a jury for all issues so triable.

### DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Continental denies any remaining allegations in Intel's Counterclaims that are directed at Continental.

### RESERVATION OF AFFIRMATIVE DEFENSES

107.	Continental hereby reserves the right to supplement additional affirmative defenses as discovery proceeds in this case.

### PRAYER FOR RELIEF

Continental denies all allegations contained in the section entitled "Prayer for Relief," and further denies that any relief should be granted to Intel whatsoever, either as requested in its Counterclaims or otherwise. WHEREFORE, Continental prays that this Court:

1.	Dismiss each of Intel's Counterclaims; and
2.	Deny Intel any damages sought by way of its Counterclaims; and

3. Order such other and further legal and equitable relief as the Court may deem appropriate.

Dated this 17th day of April 2017.

**CALDWELL CASSADY CURRY P.C**

By   */s/ Bradley W. Caldwell (pro hac vice)*
Bradley W. Caldwell (*pro hac vice*)
Jason D. Cassady (*pro hac vice*)
J. Austin Curry (*pro hac vice*)
Warren J. McCarty (*pro hac vice*)
Jason S. McManis (*pro hac vice*)
2101 Cedar Springs Rd., Suite 1000
Dallas, Texas 75201

**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
Joseph A. Schenk
2390 East Camelback Road, Suite 400
Phoenix, Arizona 85016

**ATTORNEYS FOR PLAINTIFF CONTINENTAL CIRCUITS, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record are being served with a copy of the foregoing document via the Court's electronic filing system on this 17th day of April 2017.

*/s/ Bradley W. Caldwell (pro hac vice)*
Bradley W. Caldwell