AIKEN SCHENK HAWKINS & RICCIARDI P.C.
2390 East Camelback Road, Suite 400
Phoenix, Arizona 85016
Telephone: (602) 248-8203
Facsimile: (602) 248-8840
E-Mail: docket@ashrlaw.com
E-Mail: jas@ashrlaw.com
Joseph A. Schenk – 009260

Bradley W. Caldwell (*pro hac vice*)
Jason D. Cassady (*pro hac vice*)
J. Austin Curry (*pro hac vice*)
Warren J. McCarty (*pro hac vice*)
Jason S. McManis (*pro hac vice*)
CALDWELL CASSADY CURRY P.C.
2101 Cedar Springs Rd., Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849
Email: bcaldwell@caldwellcc.com
Email: jcassady@caldwellcc.com
Email: acurry@caldwellcc.com
Email: wmccarty@caldwellcc.com
Email: jmcmanis@caldwellcc.com

Attorneys for Plaintiff Continental Circuits, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Continental Circuits LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Intel Corp., Ibiden U.S.A. Corp., Ibiden Co., Ltd.,<br><br>　　　　　Defendants. | CASE NO. CV-16-2026-PHX-DGC<br><br>**CONTINENTAL CIRCUITS LLC'S ANSWER TO IBIDEN U.S.A. CORPORATION AND IBIDEN CO., LTD.'S COUNTERCLAIMS** |

Continental Circuits LLC ("Continental") files this Answer to Defendants Ibiden U.S.A. Corporation and Ibiden Co., Ltd.'s ("Ibiden") Counterclaims (Dkt. 135) ("Counterclaims") and in support thereof would respectfully show the Court the following:

## COUNTERCLAIMS

### PARTIES

1. Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies the same.

2. On information and belief, admitted.

3. On information and belief, admitted.

4. Admitted.

### JURISDICTION AND VENUE

5. Continental admits that the Counterclaims purport to set forth claims arising under the patent laws of the United States, Title 35, United States Code, but denies that any action of Continental gives rise to such a claim.

6. Continental admits that venue is proper in this district. Continental denies the remaining allegations of Paragraph 6.

7. Continental admits that it has sued Ibiden for infringing the Patents-In-Suit which it owns. Continental lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7, and therefore denies the same.

### BACKGROUND

8. Admitted.

9. On information and belief, admitted.

10. On information and belief, admitted.

11. Denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. Continental admits that U.S. Patent No. 5,447,996 exists and the truth of what that document states can best be ascertained from that document.

16. On information and belief, admitted.

17. To the extent the allegations in Paragraph 17 refer to the knowledge of the named inventors of the Patents-in-Suit, admitted. Otherwise, Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies.

18. Continental admits that U.S. Patent No. 5,998,237 exists and the truth of what that document states can best be ascertained from that document.

19. On information and belief, admitted.

**COUNT I – NONINFRINGEMENT OF THE '582 PATENT**

20. Continental restates Paragraphs 1 through 19 as though fully set forth herein.

21. Continental admits that it owns the '582 patent which Intel infringes. Continental denies the remaining allegations of Paragraph 21.

22. Denied.

23. Continental admits that a justiciable controversy exists between Continental and Intel. Continental denies the remaining allegations of Paragraph 23.

24. Denied.

25. Denied.

**COUNT II – INVALIDTY OF THE '582 PATENT**

26. Continental restates Paragraphs 1 through 25 as though fully set forth herein.

27. Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and therefore denies the same.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

1  33. Denied.

2  34. Denied.

3  35. Denied.

4  36. Denied.

5  37. Continental admits that the '582 patent is valid and enforceable. Continental
6  denies the remaining allegations of Paragraph 37.

7  38. Continental admits that a justiciable controversy exists between Continental
8  and Intel. Continental denies the remaining allegations of Paragraph 38.

9  39. Denied.

## COUNT III – NONINFRINGEMENT OF THE '560 PATENT

11  40. Continental restates Paragraphs 1 through 39 as though fully set forth herein.

12  41. Continental admits that it owns the '560 patent which Intel infringes.
13  Continental denies the remaining allegations of Paragraph 41.

14  42. Denied.

15  43. Continental admits that a justiciable controversy exists between Continental
16  and Intel. Continental denies the remaining allegations of Paragraph 43.

17  44. Denied.

18  45. Denied.

## COUNT IV – INVALIDTY OF THE '560 PATENT

20  46. Continental restates Paragraphs 1 through 45 as though fully set forth herein.

21  47. Continental lacks knowledge or information sufficient to form a belief about
22  the truth of the allegations in Paragraph 47, and therefore denies the same.

23  48. Denied.

24  49. Denied.

25  50. Denied.

26  51. Denied.

27  52. Denied.

28  53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Continental admits that the '560 patent is valid and enforceable. Continental denies the remaining allegations of Paragraph 59.

60. Continental admits that a justiciable controversy exists between Continental and Intel. Continental denies the remaining allegations of Paragraph 60.

61. Denied.

### COUNT V – NONINFRINGEMENT OF THE '105 PATENT

62. Continental restates Paragraphs 1 through 61 as though fully set forth herein.

63. Continental admits that it owns the '105 patent which Intel infringes. Continental denies the remaining allegations of Paragraph 63.

64. Denied.

65. Continental admits that a justiciable controversy exists between Continental and Intel. Continental denies the remaining allegations of Paragraph 65.

66. Denied.

67. Denied.

### COUNT VI – INVALIDTY OF THE '105 PATENT

68. Continental restates Paragraphs 1 through 67 as though fully set forth herein.

69. Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and therefore denies the same.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

1  75. Denied.

2  76. Denied.

3  77. Denied.

4  78. Denied.

5  79. Denied.

6  80. Denied.

7  81. Continental admits that the '105 patent is valid and enforceable.  Continental
8  denies the remaining allegations of Paragraph 81.

9  82. Continental admits that a justiciable controversy exists between Continental
10 and Intel.  Continental denies the remaining allegations of Paragraph 82.

11 83. Denied.

### COUNT VII – NONINFRINGEMENT OF THE '912 PATENT

13 84. Continental restates Paragraphs 1 through 83 as though fully set forth herein.

14 85. Continental admits that it owns the '912 patent which Intel infringes.
15 Continental denies the remaining allegations of Paragraph 85.

16 86. Denied.

17 87. Continental admits that a justiciable controversy exists between Continental
18 and Intel.  Continental denies the remaining allegations of Paragraph 87.

19 88. Denied.

20 89. Denied.

### COUNT VIII – INVALIDTY OF THE '912 PATENT

22 90. Continental restates Paragraphs 1 through 89 as though fully set forth herein.

23 91. Continental lacks knowledge or information sufficient to form a belief about
24 the truth of the allegations in Paragraph 91, and therefore denies the same.

25 92. Denied.

26 93. Denied.

27 94. Denied.

28 95. Denied.

1    96.   Denied.
2    97.   Denied.
3    98.   Denied.
4    99.   Denied.
5    100.  Denied.
6    101.  Denied.
7    102.  Denied.
8    103.  Denied.
9    104.  Denied.
10   105.  Denied.
11   106.  Continental admits that the '912 patent is valid and enforceable. Continental denies the remaining allegations of Paragraph 106.
13   107.  Continental admits that a justiciable controversy exists between Continental and Intel. Continental denies the remaining allegations of Paragraph 107.
15   108.  Denied.

## DEMAND FOR JURY TRIAL

Continental hereby demands a jury for all issues so triable.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Continental denies any remaining allegations in Ibiden's Counterclaims that are directed at Continental.

## RESERVATION OF AFFIRMATIVE DEFENSES

109. Continental hereby reserves the right to supplement additional affirmative defenses as discovery proceeds in this case.

## PRAYER FOR RELIEF

Continental denies all allegations contained in the section entitled "Prayer for Relief," and further denies that any relief should be granted to Ibiden whatsoever, either as requested in its Counterclaims or otherwise. WHEREFORE, Continental prays that this Court:

1. Dismiss each of Ibiden's Counterclaims; and

2. Deny Ibiden any damages sought by way of its Counterclaims; and

3. Order such other and further legal and equitable relief as the Court may deem appropriate.

Dated this 17th day of April 2017.

**CALDWELL CASSADY CURRY P.C**

By   */s/ Bradley W. Caldwell (pro hac vice)*
Bradley W. Caldwell (*pro hac vice*)
Jason D. Cassady (*pro hac vice*)
J. Austin Curry (*pro hac vice*)
Warren J. McCarty (*pro hac vice*)
Jason S. McManis (*pro hac vice*)
2101 Cedar Springs Rd., Suite 1000
Dallas, Texas 75201

**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
Joseph A. Schenk
2390 East Camelback Road, Suite 400
Phoenix, Arizona 85016

**ATTORNEYS FOR PLAINTIFF CONTINENTAL CIRCUITS, LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record are being served with a copy of the foregoing document via the Court's electronic filing system on this 17th day of April 2017.

*/s/ Bradley W. Caldwell (pro hac vice)*
Bradley W. Caldwell