1 | Chad S. Campbell (State Bar No. 012080)
CSCampbell@perkinscoie.com
2 | PERKINS COIE LLP
2901 N. Central Avenue
3 | Suite 2000
Phoenix, AZ 85012
4 | Tel: (602) 351-8000 / Fax: (602) 648-7000

5 | William F. Lee (*admitted pro hac vice*)
William.Lee@wilmerhale.com
6 | Joseph J. Mueller (*admitted pro hac vice*)
Joseph.Mueller@wilmerhale.com
7 | WILMER CUTLER PICKERING HALE
AND DORR LLP
8 | 60 State Street
Boston, MA 02109
9 | Tel: (617) 526-6000 / Fax: (617) 526-5000

10 | Nina S. Tallon (*admitted pro hac vice*)
Nina.Tallon@wilmerhale.com
11 | WILMER CUTLER PICKERING HALE
AND DORR LLP
12 | 1875 Pennsylvania Avenue NW
Washington, DC  20006
13 | Tel: (202) 663-6000 / Fax: (202) 663-6363

14 | *Attorneys for Defendants Intel Corporation,*
*Ibiden U.S.A. Corporation, and Ibiden Co., Ltd.*

15 |

16 | **IN THE UNITED STATES DISTRICT COURT**

17 | **FOR THE DISTRICT OF ARIZONA**

18 |

19 | Continental Circuits LLC,

20 | Plaintiff,

21 | v.

22 | Intel Corporation;
Ibiden U.S.A. Corporation; and
23 | Ibiden Co., Ltd.,

24 | Defendants.

25 |

26 |

27 |

28 |

Case No. CV-16-2026-PHX-DGC

**DEFENDANTS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF CONTINENTAL CIRCUITS LLC'S SECOND AMENDED COMPLAINT**

**FILED UNDER SEAL (REDACTED VERSION)**
**(Oral Argument Requested)**

# TABLE OF CONTENTS

I.      The Second Amended Complaint Fails to Allege Facts Sufficient to Support a
        Claim Against Ibiden Products Sold to Customers Other Than Intel ............................1

II.     The Second Amended Complaint Fails to Allege Facts Sufficient to Support a
        Claim That Intel Induced Infringement ........................................................................3

III.    The Second Amended Complaint Fails to Allege Facts Sufficient to Support a
        Claim That Intel or Ibiden Willfully Infringe..............................................................5

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ................................................................2

*Air Vent, Inc. v. Owens Corning Corp.*,
2011 WL 2601043 (W.D. Pa. June 30, 2011) ...............................................3

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*,
2017 WL 74729 (S.D.N.Y. Jan. 4, 2017) ......................................................6

*CG Technology Development, LLC v. FanDuel, Inc.*,
2017 WL 58572 (D. Nev. Jan. 4, 2017) .........................................................5

*Chestnut Hill Sound Inc. v. Apple Inc.*,
No. 1:15-cv-00261, Doc. 53 (D. Del. Feb. 29, 2016) ....................................3

*Cooper Lighting, LLC v. Cordelia Lighting, Inc.*,
No. 1:16-cv-02669 (N.D. Ga. Apr. 6, 2017) .................................................7

*Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*,
2016 WL 4596118 (E.D. Tex. Sept. 3, 2016) ...............................................6

*E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*,
2012 WL 4511258, at *7–8 (D. Del. Sept. 28, 2012) ...................................5

*Finjan, Inc. v. ESET, LLC*,
2017 WL 1063475 (S.D. Cal. Mar. 21, 2017) ...............................................6

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
136 S. Ct. 1923 (2016).................................................................................5, 7

*Huawei Technologies Co. v. T-Mobile US, Inc.*,
2017 WL 1129951 (E.D. Tex. Feb. 21, 2017).................................................6

*Innovention Toys, LLC v. MGA Entertainment, Inc.*,
667 F. App'x 992 (Fed. Cir. 2016) ...............................................................6

*Intellectual Ventures I LLC v. Bank of America, Corp.*,
2014 WL 868713 (W.D.N.C. Mar. 5, 2014) .................................................5

*Jenkins v. LogicMark, LLC*,
2017 WL 376154 (E.D. Va. Jan. 25, 2017)....................................................5

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) ...................................................................3, 4

*Panoptis Patent Management v. Blackberry Corp.*,
    2017 WL 780885 (E.D. Tex. Feb. 10, 2017)...............................................................6

*Polara Engineering, Inc. v. Campbell Co.*,
    2017 WL 754609 (C.D. Cal. Feb. 27, 2017) ...............................................................7

*Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*,
    2017 WL 130236 (N.D. Cal. Jan. 13, 2017)................................................................6

*Princeton Digital Image Corp. v. Ubisoft Entertainment SA*,
    2016 WL 6594076 (D. Del. Nov. 4, 2016)................................................................5, 7

*Proxyconn Inc. v. Microsoft Corp.*,
    2012 WL 1835680 (C.D. Cal. May 16, 2012)..............................................................4

*Simplivity Corp. v. Springpath, Inc.*,
    2016 WL 5388951 (D. Mass. July 15, 2016) ..............................................................7

*Tomita Technologies USA, LLC v. Nintendo Co.*,
    2012 WL 2524770 (S.D.N.Y. June 26, 2012) .............................................................3

*Tomita Technologies USA, LLC v. Nintendo Co.*,
    11-cv-4256 (JSR), Doc. 63 (S.D.N.Y. Feb. 21, 2012) ................................................3

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
    837 F.3d 1358 (Fed. Cir. 2016) ..................................................................................6

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010) ............................................................................4

## STATUTES, RULES, AND REGULATIONS

FED. R. CIV. P. 8 ...........................................................................................................2

Defendants' motion demonstrated that the new allegations in the Second Amended Complaint failed to cure the fatal flaws in certain previously dismissed claims. Continental Circuits does not squarely address these problems. Instead, Continental Circuits blurs the issues by drawing misplaced analogies to cases from unrelated contexts, incorrectly arguing that allegations of egregious conduct are not necessary to plead a claim for willful infringement after *Halo*, and advocating policy arguments that cannot displace precedent.

In the end, the only relevant issues are whether the claims at issue (1) set forth a cognizable legal theory and (2) allege facts sufficient to support the theory. They do not, and Defendants respectfully request that the challenged claims in the Second Amended Complaint now be dismissed with prejudice.

## I.     The Second Amended Complaint Fails to Allege Facts Sufficient to Support a Claim Against Ibiden Products Sold to Customers Other Than Intel

In its Dismissal Order, the Court made clear that Continental Circuits would not be allowed to accuse products based on a "representative" theory without at least "supply[ing] enough facts to make plausible the allegations that the images of other product lines 'are representative' of the [unidentified product lines] and that there is no 'material difference' between them."[1] There is no dispute that the Second Amended Complaint ***does not contain any such information about Ibiden products supplied to customers other than Intel.***

Yet, Continental Circuits seeks to accuse unidentified products "if"[2] they are "not more than colorably different" than the accused Intel products. The Second Amended Complaint provides no ***factual*** allegations to support the existence of such products and fails to establish a plausible representative product theory. There are no images of substrates of non-Intel products, nor any allegations of common materials, specifications, or parameters as

---

[1] Doc. 112 at 10 (dismissing claims against Itanium processors, chipsets, and wireless network adaptors because a naked allegation that such products are "representative of the cross-sections of a substrate layer within each of the Accused Instrumentalities," was "conclusory" as it "provide[s] no facts to connect the six product lines for which cross-sections have been provided to the three product lines for which they have not").

[2] Notably, Continental Circuits concedes that it has no idea whether such products even exist.

- 1 -

1   between Ibiden products supplied to Intel and those supplied to other customers.[3]



11  *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 937 (Fed. Cir. 2015)

12  ("The bare allegation that Defendants make, use, sell, and offer for sale undefined 'activities,

13  methods, and procedures' provides no detail whatsoever that would put Defendants on notice

14  as to what activity, method, or procedure is alleged to infringe. . . . It is not enough to say

15  'you infringe my patent.'").

16          Continental Circuits' other arguments do not excuse the absence of adequate fact

17  allegations.  The "not more than colorably different" injunction standard is irrelevant to

18  whether Continental Circuits has pled facts sufficient to give rise to an inference that

19  unidentified products infringe.  That standard applies *after* an earlier adjudication of

20  infringement.  It is not a test for which products can be adjudicated in the first place.

21          Nor is there anything unfair about holding Continental Circuits to the pleading

22  standards of Rule 8.  Despite the passage of almost a year since the filing of this case and

23  access to Ibiden's highly confidential technical documents, Continental Circuits *still* has not

24  come forward with *any* facts supporting its claim accusing non-Intel products.  Those

25  products should not be part of this case.

26  _____

27  [3]

28

## II.     The Second Amended Complaint Fails to Allege Facts Sufficient to Support a Claim That Intel Induced Infringement

Continental Circuits' amended inducement claim against Intel suffers from the same fatal flaw as the previously dismissed claim: it presents no factual allegations to support a reasonable inference that Intel knew about the ***asserted patents***—or even knew that a product developed by the original assignee was patented—before service of the complaint.

Continental Circuits argues that its new allegations are sufficient "circumstantial evidence" that Intel had pre-suit knowledge of the asserted patents.  But the law requires a ***nexus*** between alleged circumstances proposed as evidence of pre-suit knowledge and the asserted patents or technology known to be patented.  *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 233 (D. Del. 2012) (granting motion to dismiss inducement and willfulness claims: "Assuming that MONEC has sufficiently pled Defendants' actual knowledge of the original '678 patent, MONEC asks the court to equate such knowledge with actual knowledge of the [asserted] reexamined '678 patent, ***without adequately pleading their connection***" (emphasis added)); *Air Vent, Inc. v. Owens Corning Corp.*, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) (granting motion to dismiss inducement claim: "As to knowledge of the '574 Patent, Air Vent avers that 'by reason of Defendant's business relationship with Plaintiff, Defendant knew or had reason to know of the '574 Patent.  However, ***the Complaint does not aver that any of Plaintiff's products were marked with the '574 Patent or that it provided Owens Corning with notice of the '574 Patent or the alleged infringement of this patent***." (emphasis added)).[4]

The new alleged circumstances in the Second Amended Complaint lack the required nexus to the asserted patents or technology known to be patented.  The Second Amended

---

[4] Two of the cases Continental Circuits cites further illustrate the point.  In *Chestnut Hill Sound Inc. v. Apple Inc.*, No. 1:15-cv-00261, Doc. 53 (D. Del. Feb. 29, 2016), the patentees alleged they provided presentation materials and a prototype marked "***patent pending***" to the party they later sued for infringement.  Doc. 149-4 (Ex. C) ¶¶ 14, 17.  In *Tomita Technologies USA, LLC v. Nintendo Co.*, 2012 WL 2524770 (S.D.N.Y. June 26, 2012), the inventor alleged he presented his technology and informed the party he later sued that a patent on his technology was pending.  *Id.* at *10; *Tomita Techs. USA, LLC v. Nintendo Co.*, 11-cv-4256 (JSR), Doc. 63 ¶¶ 8-11 (S.D.N.Y. Feb. 21, 2012).

Complaint alleges that Intel knew of a "Photolink" product, but there are no allegations that anyone at Intel knew that Photolink allegedly "came to embody" any "patented inventions." Moreover, the new pleading includes no factual allegations suggesting that Photolink did, in fact, embody any "patented inventions" in the relevant time period—just that it "came to embody" patented inventions at some unspecified date.  Nor is there any allegation that the 2005 letter to Intel connected any patent or continuation application to Photolink.  There is thus no nexus between the new alleged circumstances and the asserted patents or technology known to be patented, and the Court has already rejected the argument that Intel's "sophistication" bridges the gap.[5]

Continental Circuits argues in the alternative that the Second Amended Complaint supports a theory of willful blindness.  As this Court and others have recognized, a cognizable theory of willful blindness requires factual allegations that Intel "deliberately shield[ed itself] from clear evidence of critical facts that are strongly suggested by the circumstances."[6]  Doc. 112 at 17, n.13; *see also MONEC*, 897 F. Supp. 2d at 234.  None of the allegations in the Second Amended Complaint remotely supports that inference.

Finally, Continental Circuits argues that it should at least be allowed to pursue a claim for post-filing inducement based on the filing of the complaint.  Courts in this Circuit and across the country have rejected attempts to bootstrap knowledge of the asserted patents based on the filing of the complaint into claims for inducement.[7]  Moreover, claims for

---

[5] Continental Circuits argues that Ibiden's alleged pre-suit knowledge of the asserted patents should be imputed to Intel because of Ibiden's supplier relationship with Intel, but there is no allegation that Ibiden ever told Intel about the patents and thus no reasonable basis to impute Ibiden's alleged knowledge to Intel just because Ibiden supplied substrates to Intel.

[6] Continental Circuits argues for a "likely knew" standard for willful blindness, but cites no cases recognizing "likely knew" as a cognizable legal theory of willful blindness; to the contrary, if deliberate indifference to a known risk of infringement is not enough for willful blindness, Doc. 112 at 17, n.13, it is hard to imagine that allegations that Intel "likely knew" about the patents are sufficient.

[7] *See Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) ("[K]nowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."); *Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *6-7 (C.D. Cal. May 16, 2012) (dismissing induced infringement claims with prejudice and quoting *Xpoint*) (citing additional cases).

- 4 -

inducement require allegations of specific intent to cause infringement, and the Second Amended Complaint fails to allege any facts that support a reasonable inference Intel specifically intended to cause infringement of the asserted patents. *Intellectual Ventures I LLC v. Bank of Am., Corp.*, 2014 WL 868713, at *2 (W.D.N.C. Mar. 5, 2014) (granting motion to dismiss because Plaintiff failed to plead "facts that demonstrate that Defendants specifically intended for their customers to infringe the asserted patent."); *E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*, 2012 WL 4511258, at *7–8 (D. Del. Sept. 28, 2012), *report and recommendation adopted*, No. 11-cv-773 (SLR), Doc. 29 (D. Del. Oct. 23, 2012) (dismissing a post-filing claim for inducement for failure to plead sufficient facts regarding specific intent).

## III.    The Second Amended Complaint Fails to Allege Facts Sufficient to Support a Claim That Intel or Ibiden Willfully Infringe

The Second Amended Complaint, like the Dismissed Complaint, lacks any actual allegations of egregious conduct by Intel or Ibiden. Notably, Continental Circuits does not attempt to explain how its new allegations support an inference that Intel or Ibiden has acted egregiously. Instead, it argues that the Supreme Court's decision in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016), lowered the bar for pleading willfulness, and that allegations of egregious conduct are not necessary. Doc. 149 at 9-13.[8]

Not so: this Court rightly found that "***egregiousness is the touchstone of the willfulness inquiry***" after *Halo*. Doc. 112 at 19 (emphasis added). Consistent with that finding, courts throughout the country have required allegations of egregious conduct before allowing plaintiffs to proceed to discovery on claims of willful infringement.[9] Nonetheless,

---

[8] Continental Circuits also argues that *Halo* lowered the burden of proof for proving a claim of willful infringement. The burden of ***proving*** a claim is completely irrelevant to the question of what is required to ***plead*** a plausible claim.

[9] *CG Tech. Dev., LLC v. FanDuel, Inc.*, 2017 WL 58572, at *6 (D. Nev. Jan. 4, 2017) (granting in part motion to dismiss: "[A] willful infringement plaintiff . . . must allege some 'egregious . . . misconduct,' occurring before the initial claim of infringement was filed" (citation omitted)); *Jenkins v. LogicMark, LLC*, 2017 WL 376154, at *5 (E.D. Va. Jan. 25, 2017) (granting motion to dismiss: "at a minimum, plaintiffs alleging willful infringement must plead facts sufficient to support an inference 'plausible on its face' that the alleged conduct is of the egregious nature described in *Halo Electronics*"); *Princeton Dig. Image*

Continental Circuits argues that "it is the wrong procedural question to ask whether Continental has sufficiently pled 'egregiousness'" because egregiousness relates to the question of whether to enhance damages, not whether infringement was willful.  Doc. 149 at 10-11.  None of the four cases Continental Circuits cites in support of this procedural argument discusses pleading requirements or suggests that allegations of egregious conduct are not necessary to plead a claim for willful infringement.  Rather, three of the four cases address post-verdict motions or appeals of post-verdict motions, and the fourth addresses a motion for summary judgment.[10]  Simply put, those cases do not address the standard for pleading a claim of willfulness *at the start of a case*.  Respectfully, Continental Circuits is the party addressing the wrong procedural question.

The cases Continental Circuits cites for the proposition that courts have allowed allegations of "less 'egregious' facts" about the parties' pre-suit relationship to survive a motion to dismiss are distinguishable.  *Id.* at 11-12.  In three of those cases, the complaint adequately alleged pre-suit notice of the alleged infringement, which is not the situation here.[11]  In the fourth, the party moving to dismiss failed to submit authority to establish that actual notice of the patents and infringement thereafter is insufficient to plead willfulness

---

*Corp. v. Ubisoft Entm't SA*, 2016 WL 6594076, at *11 (D. Del. Nov. 4, 2016) ("[T]he TAC does not sufficiently articulate how Ubisoft SA's actions during a short, three-month period of time amount to an 'egregious' case of infringement . . . .").

[10] *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1363 (Fed. Cir. 2016) (addressing a post-verdict motion); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2017 WL 130236, at *2 (N.D. Cal. Jan. 13, 2017) (same); *Innovention Toys, LLC v. MGA Entm't, Inc.*, 667 F. App'x 992, 994 (Fed. Cir. 2016) (vacating the district court's award of enhanced damages and fees); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 2016 WL 4596118, at *2 (E.D. Tex. Sept. 3, 2016) (denying a motion for summary judgment of no willfulness).

[11] In *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 2017 WL 74729 (S.D.N.Y. Jan. 4, 2017), the complaint alleged "multiple letters sent to [defendant] describing the alleged infringement" and identifying the "allegedly infringing products," *id.* at *6; in *Huawei Technologies Co. v. T-Mobile US, Inc.*, 2017 WL 1129951 (E.D. Tex. Feb. 21, 2017), the complaint alleged the plaintiff "informed T-Mobile that its services infringed Huawei's intellectual property rights," *id.* at *4; in *Finjan, Inc. v. ESET, LLC*, 2017 WL 1063475 (S.D. Cal. Mar. 21, 2017), the complaint alleged "that prior to the filing of the lawsuit Finjan put ESET on notice of its contentions ESET's products infringe the patents at issue" and that the parties subsequently met "to address those contentions," *id.* at *4.

1   after *Halo*. *Panoptis Patent Mgmt. v. Blackberry Corp.*, 2017 WL 780885, at *5 (E.D. Tex.

2   Feb. 10, 2017).  Here, Defendants have cited *CG Tech.* and *Jenkins* for that proposition,

3   which is well established after *Halo*.  Doc. 147 at 13-14.

4          Finally, Continental Circuits argues that it should at least be allowed to proceed with a

5   post-filing willfulness claim based on the theory that Defendants learned about the patents

6   when they were served with the Complaint but continued to make and sell the accused

7   products.  But claims for willfulness cannot be based solely on the continuation of pre-suit

8   conduct after a complaint has been filed.[12]  Moreover, the pleadings in the cases that

9   Continental Circuits cites included plausible allegations of "egregious" post-suit conduct,

10  and are thus distinguishable.[13]  *See Princeton Digital*, 2016 WL 6594076, at *11 (dismissing

11  post-suit willfulness claim for failure to plead egregious conduct).  There are no allegations

12  of egregious post-suit conduct in the Second Amended Complaint.  Continental Circuits'

13  amended claims for willful infringement should thus be dismissed in their entirety.

14                                           ***

15         Continental Circuits has had multiple chances to plead plausible claims of direct

16  infringement by Ibiden products supplied to customers other than Intel, induced infringement

17  by Intel, and willful infringement by Intel and Ibiden, but has been unable to allege sufficient

18  facts to support its theories of liability.  Defendants respectfully submit that with Continental

19  Circuits having had a full and fair opportunity to plead proper claims, its deficient claims

20  should now be dismissed with prejudice.

21

22

---

23  [12] *In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), *abrogated on other grounds*, *Halo*,
    136 S. Ct. 1923; *Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, No. 1:16-cv-02669, Doc.
24  44, at 8 (N.D. Ga. Apr. 6, 2017) ("Plaintiff's willful infringement claim, which is based
    solely on Defendants' post-filing conduct, fails as a matter of law"); *Princeton Digital*, 2016
25  WL 6594076, at *11-12 (granting motion to dismiss post-suit willfulness claim for conduct
    occurring after service of original complaint).
26  [13] In *Simplivity Corp. v. Springpath, Inc.*, 2016 WL 5388951 (D. Mass. July 15, 2016), the
27  defendant "escalat[ed]" its infringing activity post-complaint, *see id.* at *18, and in *Polara
    Engineering, Inc. v. Campbell Co.*, 2017 WL 754609 (C.D. Cal. Feb. 27, 2017), the
28  defendant continued to sell infringing products after partial summary judgment finding
    infringement, *see id.* at *26.

1

2   DATED:  April 19, 2017                    Respectfully submitted,

3                                             By:_____*/s/ Joseph J. Mueller*_____

4                                             Chad S. Campbell (State Bar No. 012080)
                                              CSCampbell@perkinscoie.com
5                                             PERKINS COIE LLP
                                              2901 N. Central Avenue
                                              Suite 2000
6                                             Phoenix, AZ 85012
                                              Tel: (602) 351-8000 / Fax: (602) 648-7000
7
                                              William F. Lee (*admitted pro hac vice*)
8                                             William.Lee@wilmerhale.com
                                              Joseph J. Mueller (*admitted pro hac vice*)
9                                             Joseph.Mueller@wilmerhale.com
                                              WILMER CUTLER PICKERING HALE
10                                                AND DORR LLP
                                              60 State Street
11                                            Boston, MA 02109
                                              Tel: (617) 526-6000 / Fax: (617) 526-5000
12
                                              Nina S. Tallon (*admitted pro hac vice*)
13                                            Nina.Tallon@wilmerhale.com
                                              WILMER CUTLER PICKERING HALE
14                                                AND DORR LLP
                                              1875 Pennsylvania Avenue, NW
15                                            Washington, DC 20006
                                              Tel: (202) 663-6000 / Fax: (202) 663-6363
16
                                              *Attorneys for Defendants Intel Corporation,*
17                                            *Ibiden U.S.A. Corporation, and Ibiden Co.,*
                                              *Ltd.*
18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of April, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

I certify that on April 20, 2017, I will serve the attached document by first class mail on Judge Campbell, United States District Court of Arizona, 401 West Washington Street, Phoenix, Arizona 85003-2118.

*/s/ Daniel R. Graziano*